21 F.3d 430
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 CITY OF JEFFERSONVILLE, INDIANA, and Jeffersonville
Department of Redevelopment, Plaintiffs-Appellees,
v.
William A. WRIGHT, Defendant-Appellant.
 No. 93-1055.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 15, 1994.*
Decided April 14, 1994.
 
 Before CUDAHY, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 On January 17, 1991, the City of Jeffersonville and the Jeffersonville Department of Redevelopment filed suit in state court seeking to acquire by eminent domain several parcels of real estate belonging to William A. Wright. See Ind.Code Sec. 32-11-1 et seq. Nine lienholders were also named as defendants. Citing 28 U.S.C. Secs. 1331, 1441, and 1443, Wright petitioned to remove the case to federal district court on the ground that it involved the adjudication of constitutional rights which he could not effectively vindicate in state court, as he is currently serving a prison sentence in Kentucky. Wright now appeals from the district court's order remanding the case to state court.
 
 
 2
 Wright filed a notice of removal on October 14, 1992, claiming that he first became aware that the case was removable when the plaintiffs filed a brief in state court which asserted that the court possessed the authority to enter judgment against Wright without him being present. That brief was filed in the Clark Circuit Court on September 18, 1992. Acting sua sponte, the district court ordered the case remanded to state court on the grounds that removal was not accompanied by the requisite filing fee and was untimely under 28 U.S.C. Sec. 1446(b), and that Wright's claim that he could not receive due process in state court was "entirely spurious."
 
 
 3
 An order remanding a case to state court on one of the grounds listed in Sec. 1447(c) is not appealable, unless the case was removed pursuant to Sec. 1443. In re Amoco Petroleum Additives Co., 964 F.2d 706, 708 (7th Cir.1992); 28 U.S.C. Sec. 1447(d). The plaintiffs contend that Sec. 1443 does not apply to this case, and that the remand order is not subject to our review under Sec. 1447(d). The record establishes that Wright sought to remove this case to federal court on several grounds, including 28 U.S.C. Sec. 1443, and that the district court concluded that his invocation of Sec. 1443 was without merit. We therefore have jurisdiction to review this determination.
 
 
 4
 Section 1443(1) provides for the removal of a civil action commenced in state court "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, ..." 28 U.S.C. Sec. 1443(1). The Supreme Court has determined that a case may be removed under this provision only if the petitioner is deprived of a right secured by a federal law that specifically deals with racial equality. Johnson v. Mississippi, 421 U.S. 213, 219 (1975). Section 1443 does not apply to protect rights guaranteed by constitutional or statutory provisions of general applicability, such as the Due Process Clause of the Fourteenth Amendment. Id.; Georgia v. Rachel, 384 U.S. 780, 792 (1966); J.O. v. Alton Community Unit School Dist. 11, 909 F.2d 267, 269 n. 2 (7th Cir.1990). Because Wright has not alleged that he has been deprived of any right that is specifically defined in terms of racial equality, the district court was correct in concluding that he could not use Sec. 1443 as a basis for removing this case to federal court.
 
 
 5
 Insofar as Wright generally invoked the federal question jurisdiction of the district court, 28 U.S.C. Sec. 1331, and the district judge remanded the case on the basis of defects in removal procedure (including the fact that Wright's petition was untimely under 28 U.S.C. Sec. 1446(b)), we are without jurisdiction to review the merits of that aspect of the judge's order. See In re Amoco, 964 F.2d at 708; 28 U.S.C. Sec. 1447(c)-(d).
 
 
 6
 AFFIRMED in part, DISMISSED in part.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record